UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

CATERINA VIOLI, *an individual*,

        Plaintiff,                              CASE NO.:  24-cv-6242

v.

BOARD OF MANAGERS
OF 25 PARK ROW CONDOMINIUM, by its
President Laura Rog,  and
PARK ROW 23 OWNERS LLC,

        Defendants.

-------------------------------------------------------------x

## COMPLAINT

Plaintiff, CATERINA VIOLI (hereinafter "Plaintiff"), sues Defendants, BOARD OF MANAGERS OF 25 PARK ROW CONDOMINIUM, by its President Laura Rog, and PARK ROW 23 OWNERS LLC (hereinafter "Defendants"), for injunctive relief, attorneys' fees and costs, including but not limited to disbursements, court expenses and fees, and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this Action to remediate rampant inaccessibility at a newly constructed residential apartment building, for the benefit of herself and all other residents with disabilities. Plaintiff here seeks declaratory, injunctive, and equitable relief as well as compensatory and punitive damages to redress violations of Federal Fair Housing Amendments Act of 1988 ("FHAA"), Title VIII of the Civil Rights Act, 42 U.S.C. §§ 3601 et. seq.; the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 et. seq., and the New York City Human Rights Law ("NYCHRL"), and Title 8 of the Administrative Code of the City of New York ("Administrative Code").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 3613 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the FHAA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination occurred in this District and the residential apartment Building that is the subject of this action is located in this district.

## FACTS

4. This case involves real property known as the 25 Park Row Condominiums, located at 25 Park Row, New York, NY 10038 (the "Building"). The Building is a mixed-use condominium development, with 50 stories, and first floor retail space, constructed in or around 2019. The residential portion of the building includes 110 total units with amenity spaces and a parking garage.

5. Plaintiff, Caterina Violi ("Plaintiff") is the owner of Unit 19C in the Building (the "Unit"). Plaintiff is disabled. Plaintiff is impaired in her ability to walk; specifically, due to lipedema, Plaintiff requires parking that is in close proximity to the entrance of the Building, and the availability of accessible, FHAA compliant parking is therefore a necessity.

6. Prior to purchasing her Unit at significant cost, Plaintiff specifically inquired whether accessible parking was available in the Building garage. Plaintiff was repeatedly assured that there was an accessible parking space in the garage, and that she would be permitted to lease the accessible parking space. On that basis, Plaintiff purchased the Unit in the Building, at

2

very significant cost and expense, as it was necessary that she have an accessible parking space available to her in the garage of the Building.

7. After purchasing her Unit, Plaintiff requested to see the accessible parking space that she would be leasing, and at that time, for the first time, became aware that the Building does not, in fact, have any accessible parking space, despite misrepresentations that the Building had accessible parking in the garage.

8. Specifically, the plan for the parking garage shows an interior off-street parking garage for 22 parking spaces, which includes one (1) van accessible parking space and access aisle connecting to the accessible route leading to lobby entrance door. The plan shows a proposed semi-automatic parking lift and slide system with 5 access bays and references the accessible parking space requirements in the parking general notes.



9. The van accessible parking space and access aisle, as specified in this building plan, do not comply with 2009 ICC/ANSI A117.1 Accessible and Usable Buildings and Facilities, 502.4.1 Location which states "[a]ccess aisles shall not overlap with the vehicular way." Here, when vehicles enter or exit the spaces in the automatic parking lift (which have been sold in fee simple to other unit owners), they must drive over the accessible parking area:



10. Furthermore, even the (non-compliant) accessible parking space in the plans have not been constructed. Instead, a large yellow painted no parking area exists where the accessible parking space, access aisles, and other required accessibility features are supposed to be:



11. As such, Defendant's building plans as well as the as-built condition of the garage violate the 2014 NYC Building Code, and 2009 ICC/ANSI A117.1 (Accessible and Usable Buildings and Facilities 2003/2009), all of which require newly constructed residential facilities to be equipped with van accessible parking spaces and access aisles, which are completely outside any vehicular path of travel.

12. Plaintiff purchased her Unit at the Building based on an express misrepresentation that accessible parking was available for lease within the garage and that the Building was compliant to meet her needs.

13. All conditions precedent to the filing of this action have been met, waived, or otherwise satisfied.

14. Plaintiff has been forced to retain legal counsel to legal counsel to pursue this case and is required to pay her counsel reasonable legal fees and costs.

## COUNT I
## (VIOLATION OF FAIR HOUSING ACT)

15. Plaintiff realleges and incorporates by this reference all allegations set forth above, as though fully re-alleged herein.

16. Congress enacted design and construction accessibility requirements as part of its comprehensive amendments to the Fair Housing Act, to prohibit discrimination on the basis of disability.

17. In doing so, Congress stressed that enforcement of civil rights laws is necessary to protect people with disabilities from the "devastating" impact of housing discrimination, including "architectural barriers" created by architects, developers and builders who fail to design and construct dwellings and common use areas at those dwellings accessible to and adaptable by people with disabilities. H.R. Rep. No. 100-711, at 25 (1988), reprinted in 1988 U.S.C.A.A.N. 2173, 2186; 134 Cong. Rec. S10454, 10463 (Aug. 1, 1998).

18. The United States Department of Housing and Urban Development ("HUD") promulgated the final FHAA design and construction regulations in January 1989. 24 C.F.R. § 100.205. HUD published the final Fair Housing Accessibility Guidelines on March 6, 1991, 56 Fed. Reg. 9472.

19. Pursuant thereto, multi-family residential buildings built for first occupancy after March 13, 1991, containing four (4) or more units ("covered multi- family dwellings") must satisfy certain minimum design and construction requirements.

20. Covered multi-family dwellings must provide public-use and common-use areas that are readily accessible to, and usable by, people with disabilities.

21. The Building garage fails to satisfy the minimum design and construction requirements of the FHAA, because minimum design and construction requirements include accessible parking spaces that are outside any vehicular path of travel, as set forth more fully above.

22. Plaintiff has suffered an injury under the FHAA because she purchased the Unit based upon the specific misrepresentation that compliant accessible parking was available, and now owns the Unit but cannot park within the Building, where she is an owner. This is precisely the harm that the FHAA is designed to prevent.

23. As a direct and proximate result of Defendants' failure to design and construct in compliance with the accessibility requirements of the FHAA, Plaintiff has and continues to suffer damages.

24. Defendants have and continue to discriminate against Plaintiff in violation of the FHAA by creating, fostering, condoning, accepting, ratifying, and otherwise failing to prevent or to remedy the discrimination described herein.

25. Defendants' failure to design and construct was intentional, willful, or with reckless disregard for the rights of people with disabilities. Defendants also knew of or ratified the discriminatory acts of their agents, ignored their duties under the law, or otherwise engaged in knowledgeable inaction.

26. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief, against the Defendants because of Defendants' willful and/or reckless disregard of the law in an amount to be determined at trial.

## COUNT II
## (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

27. Plaintiff realleges and incorporates by this reference all allegations set forth above, as though fully re-alleged herein.

28. The New York State Human Rights Law prohibits failing to design and construct covered multifamily dwellings in an accessible manner, discriminatory notices, or statements, denying or withholding housing accommodations because of disability, and discrimination in the terms, conditions, or privileges of sale and rental because of disability, and refusing reasonable modifications and accommodations. New York State Executive Law § 296(5) and (18).

29. In violation of the Executive Law § 296(18)(3), Defendants have committed discrimination by failing to design and construct the Building in compliance with accessibility requirements under the law.

30. Defendants have and continue to commit discrimination by refusing to make reasonable accommodations and modifications in their rules, policies, practices, or services that are necessary to afford people with disabilities equal opportunity to use and enjoy their housing accommodation in violation of the Executive Law § 296(18)(2).

31. Defendants have and continue to commit discrimination against Plaintiff in violation of NYSHRL by maintaining an inaccessible housing accommodation.

32. Defendants' discriminatory actions were and are intentional, willful, or with reckless disregard for the rights of people with disabilities.

33. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYSHRL, Plaintiff has and continues to suffer damages, including lack of accessible parking servicing her Unit.

34. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief, against the Defendants because of Defendants' willful and/or reckless disregard of the law in an amount to be determined at trial.

## COUNT III
## (VIOLATIONS OF THE NYC ADMINISTRATIVE CODE)

35. Plaintiff realleges and incorporates by this reference all allegations set forth above, as though fully re-alleged herein.

36. The New York City Human Rights Law (aka Title 8 of the Administrative Code of the City of New York) prohibits discrimination because of disability in the terms, conditions or privileges of a housing accommodation. Administrative Code §§ 8-107(5) and 27-292.8 which contains the accessibility requirements under the NYC Building Code.

37. Defendants violated the New York City Human Rights Law by designing and constructing the Building in a manner that does not comply with Administrative Code § 27-292.8.

38. Defendants' denial and withholding from people with disabilities via the inaccessible design and construction of the Building was deliberate, calculated, egregious, and/or undertaken with reckless disregard for anti-discrimination provisions of the New York City Human Rights Law.

39. Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law.

40. Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to the New York City Human Rights Law at Administrative Code § 8-502.

41. By refusing to make the Building accessible, Defendants have and continue to unlawfully profit from their discriminatory conduct. Defendants did and do so for the income received from additional parking areas that should have been utilized for accessibility.

42. Defendants' unlawful profits plus interest must be disgorged.

43. As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has and continues to suffer damages.

44. Defendants' unlawful discriminatory conduct constitutes malicious, willful, and wanton violations of the New York City Human Rights Law for which Plaintiff is entitled to an award of punitive damages. Administrative Code § 8-502.

45. Plaintiff seeks damages in an amount to be determined at trial before a jury.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment in favor of Plaintiff against the Defendants, jointly and severally, which contains the following relief:

   a. Entry of declaratory judgment declaring that Defendants' have violated the FHAA, New York State Civil Rights Law, and the New York City Human Rights Law; and

   b. Issuance of a permanent injunction ordering Defendants to remove all barriers to access in the Building (including the garage) that violation the FHAA, New York State Human Rights Law and New York City Human Rights Law, including re-construction of the garage to allow for fully compliant accessible parking.

   c. Issuance of a permanent injunction prohibiting Defendants from designing and constructing future multifamily housing in violation of the FHAA, New York State Human Rights Law, and the New York City Human Rights Law design and construction accessibility requirements;

   d. Retaining jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

e. Awarding Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the FHAA, New York State Human Rights Law and the New York City Human Rights Law;

f. Awarding Plaintiff monetary damages for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

g. Finding that Plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs, and expenses pursuant to the FHAA, New York State Human Rights Law and the New York City Human Rights Law; and

h. Awarding such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated:   Garden City, New York
         August 19, 2024

Respectfully submitted,

BASHIAN & PAPANTONIOU P.C.

By:/s/ Erik M. Bashian
Erik M. Bashian, Esq. (EB 7326)
*Attorneys for Plaintiff*
1225 Franklin Avenue, Suite 325
Garden City, NY 11530
Tel. (516) 279-1554
Fax. (516) 213-0339
Email.  eb@bashpaplaw.com

Law Offices of Nolan Klein, P.A.
*Attorneys for Plaintiff*

5550 Glades Road, Ste. 500
Boca Raton, FL 33431
Tel:    (954) 745-0588
*By:/s/ Nolan Klein*
NOLAN KLEIN, ESQ. (NK 4223)
klein@nklegal.com
amy@nklegal.com

10